LOTTINGER, Judge.
This is a suit ex delicto brought by Sterling Cox against Andrew L. Chase, Chase Enterprises, Inc., and Travelers Indemnity Company[1], the insurer of Chase Enterprises, Inc., for injuries allegedly suffered when Chase, who was riding a motorcycle, hit Cox, who was riding a bicycle, on a street in Plaquemine, Louisiana. From a trial court judgment awarding the plaintiff $5,500.00 in general damages and $148.50 for medical expenses, the defendants have appealed.
At issue on appeal is whether the defendant was negligent, whether the plaintiff was contributorily negligent and, if negligence and contributory negligence are found, whether the defendant had the last clear chance to avoid the accident.
On April 6, 1978, the 20-year-old Cox accompanied a friend, Eugene Williams, to a small convenience store owned and operated by defendant Chase. Cox and Williams were both on bicycles. Williams entered the store, picked up a fifth of Thunderbird wine and ran out of the store without paying for the goods. Cox and Williams then left the store premises on their bicycles. The defendant, who was helping his clerk in the store at the time, noticed Williams leave the store without paying for the wine. He yelled for Cox and Williams to stop and when they didn’t, he gave chase on a small motorcycle he used for transportation around town.
When the two youths saw Chase approaching from the rear, Williams, the wine thief, threw the wine bottle to the ground where it burst to pieces. The defendant then proceeded to pass the two youths on his motorcycle and, when he had gotten 50 to 60 feet in front of them, he turned his motorcycle around and headed back towards them. At this time Williams was on the left side of the road (on the defendant’s right) and the plaintiff was on the right side of the road (on the defendant’s left).
The testimony as to what happened next, specifically as to how the accident occurred, was conflicting. The plaintiff testified that the defendant came back towards them and ran into the plaintiff’s bicycle. The plaintiff’s friend Williams said Chase attempted to hit him first, but when Williams maneuvered out of the way, Chase hit the plaintiff. The defendant testified that the plaintiff pulled in front of him, in the middle of the road, and the accident happened quickly thereafter. The defendant admitted that he was keeping more of an eye on Williams than on the plaintiff because Williams was the one who stole the wine. (Williams has since been convicted of shoplifting the wine). He said he could not *1046 avoid hitting the plaintiff when he realized that the plaintiff had pulled into his path.
The trial judge found as a fact that the defendant did not hit the plaintiff intentionally. He also found that the defendant was traveling only 10 to 15 miles per hour, that the accident occurred in the middle of the road and that the plaintiff should not have been in the middle of the road on a bicycle. However, he felt the defendant was negligent in not keeping a proper lookout because the defendant was focusing his attention on Williams instead of on the road in front of him. The plaintiff, too, was negligent, the trial judge felt, because the plaintiff should not have driven his bicycle in the middle of the road. Because the trial judge concluded that Chase was not keeping a proper lookout, and if he had been he could have avoided the accident, he rendered judgment in favor of plaintiff.
Defendants in brief conclude the trial judge used the doctrine of last clear chance to find in favor of plaintiff. We agree. After finding both plaintiff and defendant negligent, the only way the trial judge could have ruled in favor of plaintiff is by the application of the doctrine of last clear chance.
After closely examining the record, we conclude that the trial judge’s findings of fact cannot be reconciled with his conclusions of law. He found as a fact that the accident happened in the middle of the road, that Chase was not keeping a proper lookout, that Cox placed himself in Chase’s path, and that Cox then tried to extricate himself.
Conceding that Chase was negligent in not keeping a proper lookout and that Cox was contributorily negligent in placing himself in Chase’s path, we come to the issue of whether the trial court correctly applied the doctrine of last clear chance.
We hold he did not.
This court recently delineated the well known factors that must be proven before the doctrine of last clear chance will absolve a plaintiff of his own contributory negligence. First, the plaintiff must show that he was previously in a perilous position of which he was unaware or from which he could not extricate himself. Then, the plaintiff must show that the defendant discovered or could reasonably have observed the plaintiff’s danger. Last, the plaintiff must show that the defendant could have reasonably avoided the accident. Miller v. Carter, 346 So.2d 748 (La.App. 1st Cir. 1977).
The trial judge concluded that with the speed and power Chase’s motorcycle possessed, he could have avoided the accident. We cannot disagree with this conclusion. However, this is only the third and last element of last clear chance. We are not convinced that plaintiff has proven the first element — that he was in a position of peril of which he was unaware or from which he could not extricate himself. The record points out that Chase passed plaintiff and then after some 50-60 feet turned around and headed back. It is unclear at what point Cox placed his bicycle in the path of Chase, but it is obvious that when he did so, he knew what he was doing and of its danger. Thus he was aware of his perilous position.
We conclude that when Cox placed his bicycle in the path of Chase, knowing fully of the danger, and within sufficient time for Chase to avoid the accident, Cox himself had sufficient time to extricate himself from the danger. Plaintiff has failed to prove the first element of last clear chance. His own negligence precludes his recovery. Ortego v. State Farm Mutual Automobile Insurance Co., 295 So.2d 593 (La.App. 3rd Cir. 1974), writ refused 299 So.2d 800 (La.1974); Naquin v. Callais, 191 So.2d 885 (La.App. 1st Cir. 1966).
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed and plaintiff’s suit is dismissed. Plaintiff-appellee pays all costs.
REVERSED.

. Chase Enterprises, Inc. is owned by Andrew L. Chase. Mr. Chase was an employee of this corporation and within the scope of his employment at the time of the accident. Throughout this report we will refer to all defendants collectively as Chase.